JANE F. DUSENBURY v. THE NORTH HUDSON COUNTY RAILWAY COMPANY.

Submitted December 8, 1900—Decided February 25, 1901.

A car of the defendant company, while plaintiff was riding upon it as a passenger, was suddenly derailed, and the plaintiff thereby thrown to the floor and injured. The derailment of the car resulted from its colliding with a paving stone which lay between the rails and was wholly or partially covered by snow and slush. *Held,* that it was for the jury, not the court, to determine whether the presence of the paving stone might not have been discovered, and the accident avoided, by the exercise of that high degree of care which the law imposes upon common carriers for the safety of their passengers.

In tort.   On rule to show cause.

Before Depue, Chief Justice, and Justices Dixon, Gummere and Collins.

For the plaintiff, *Elgin L. McBurney* and *Thomas Watts.*

For the defendant, *William D. Edwards.*

The opinion of the court was delivered by

GUMMERE, J. This is an action to recover for personal injuries, received by the plaintiff, as she alleges, by reason of the negligence of the defendant. At the trial a verdict for the defendant was directed, the trial judge being of opinion that the proofs failed to disclose any negligence on its part.

The following were the facts proved bearing upon the question of the negligence of the defendant: On November 28th, 1898, while the plaintiff was riding, as a passenger, upon one of the trolley cars of the defendant, there came a crash, the car was derailed, and so suddenly brought to a stop that the plaintiff was violently thrown from her seat to the floor and badly hurt. The shock was so great that the car windows were broken, the stove was overturned and the rear end of the car smashed in. This was the plaintiff's case. On the part of the defendant it was shown that the derailment and sudden stoppage of the car was due to the fact that it had struck a loose paving block, which was lying between the rails, and was wholly, or partially, covered by snow and slush.

By the evidence offered on the part of the plaintiff a *prima facie* case was made out against the defendant company.

The mere happening of the accident, in the absence of explanation of the cause of its occurrence, justified the inference that it was due to some negligence on the part of the defendant company. This is the rule laid down by the Court of Errors and Appeals, in the case of *Whalen* v. *Consolidated Traction Co.,* 32 *Vroom* 606, and again in the later case of *Bergen County Traction Co.* v. *Demarest,* 33 *Id.* 755. At the close of the plaintiff's case, therefore, the burden rests upon the defendant of proving that the accident was not the result of lack of care on its part. This the trial judge considered that the defendant had conclusively shown by its proof as to the manner in which the accident happened.

It seems to me that the view of the trial judge as to the conclusive effect of this testimony was erroneous.   The company and its employes were charged with the exercise of a *high degree* of care for the safety of the plaintiff, who was a passenger upon its car (*Whalen* v. *Consolidated Traction Co., supra,* and cases cited), and its liability depended upon whether the motorman, who was running the car, would have detected the presence of the paving stone if he had used that great care which the law imposed upon him; and, if he would have discovered it, then whether the presence of the stone should have suggested to him danger of an accident, such as that which it brought about, in case the car was attempted to be run over it.   These were clearly questions which should have been submitted to the jury, rather than answered by the court.

The rule to show cause should be made absolute.