JOHN NOLAN, DEFENDANT IN ERROR, v. BRIDGETON AND MILLVILLE TRACTION COMPANY, PLAINTIFF IN ERROR.

Argued June 25, 1906—Decided March 4, 1907.

1. An owner or occupier of lands, who, by invitation, express or implied, induces persons to come upon the premises, is under a duty to exercise ordinary care to render the premises reasonably safe for such purposes.

2. The liability of the owner or occupier of premises for their condition is only coextensive with his invitation.

3. A person entering upon premises by invitation, express or implied, and using a road which for many years had been used with the acquiescence of the owner, is not precluded from recovering damages for an injury caused by a danger placed by the owner in the road, solely on the ground that the owner had provided another way that was safe and might have been used by the plaintiff. In such a case it is a question of fact whether the road taken by the plaintiff has, by its accustomed use, with the knowledge of the defendant, become a way which, by its use and appearance, indicated a way that persons so using the premises were invited to use.

4. Where fair-minded men might honestly differ as to the conclusions to be drawn from facts, whether controverted or uncontroverted, the question at issue should go to the jury.

On error to the Cumberland Circuit Court.

For the plaintiff in error, *William A. Logue* and *Gaskill & Gaskill.*

For the defendant in error, *Matthew Jefferson* and *John W. Wescott.*

The opinion of the court was delivered by

TRENCHARD, J.   This writ of error brings under review a judgment of the Cumberland Circuit Court in favor of the defendant in error, the plaintiff below.

The action was one of tort for negligence.

Upon the trial there was evidence tending to prove the following facts:  John Nolan, the plaintiff below, was engaged

in the business of carting in the city of Bridgeton. The Bridgeton and Millville Traction Company, the defendant below, owned and occupied a plot of ground at the corner of South and Pamphylia avenues, in that city, on which were erected the company's car barns and other buildings used by it. On January 3d, 1902, Nolan was employed by one Reeves to deliver upon the premises of the defendant company certain ladders, which Reeves had constructed for it. Nolan hauled the ladders to the company's car barn, and after delivering them there, started to leave the premises by an old road or driveway which extended across the company's premises from the car barn to South avenue, and which road or driveway Nolan and many others had frequently used before on the business of the company, and with the knowledge of the company. In this road or driveway on the day of the accident was a hole, which Nolan did not observe. That this hole was caused by the removal of a pole from the ground by the defendant company. The wheel of Nolan's wagon struck the hole, tilted the wagon over, threw him out, breaking his leg and otherwise injuring him.

At the close of the plaintiff's testimony a motion was made to nonsuit the plaintiff upon two grounds—*first,* that there was no evidence of negligence on the part of the defendant, and *second,* that the evidence disclosed that the plaintiff was guilty of contributory negligence. At the end of the case a motion was made that a verdict be directed in favor of the defendant, for the same reasons as were urged on the motion to nonsuit.

Both of these motions were denied by the trial judge, and exceptions prayed and allowed, and the case was submitted to the jury. The jury found a verdict for the plaintiff below.

The questions raised by the assignments of error can all be considered under the assignments which challenge the correctness of the refusal of the trial judge to nonsuit and to direct a verdict.

The first question, therefore, is this: Was the defendant company negligent?

If negligent at all, the company was negligent in failing to

perform a duty which it owed to Nolan with regard to keeping its premises reasonably safe for his ingress and egress.

The defendant company insists that it owed Nolan no such duty.

By the settled law of this state, an owner or occupier of lands, who, by invitation, express or implied, induces persons to come upon the premises, is under a duty to exercise ordinary care to render the premises reasonably safe for such purposes. *Phillips* v. *Library Company,* 26 *Vroom* 307; *McCormick* v. *Anistaki,* 37 *Id.* 211; *Ryerson* v. *Bathgate,* 38 *Id.* 337.

The gist of the liability in such cases consists in the fact that the person injured did not act merely on motives of his own, to which no sign of the owner or occupier contributed, but that he entered the premises because he was led, by the acts or conduct of the owner or occupier, to believe that the premises were intended to be used in the manner in which he used them, and that such use was not only acquiesced in, but was in accordance with the intention or design for which the way or place was adopted and prepared or allowed to be used. *Phillips* v. *Library Company, supra.*

Reviewing the evidence with these principles in mind, we perceive that it tended to establish that Nolan, in entering the premises of the defendant company, was not acting merely on motives of his own, but that he was there on the business of the company, and by its invitation, and that he was using the premises in the manner in which they were intended to be used.

The defendant company was therefore under a duty to exercise ordinary care to render the premises reasonably safe for the purposes of the invitation.

But it is contended by the defendant company that Nolan exceeded the extent of his invitation, if he had one. Thereupon the company invokes the rule that the liability of the owner or occupier of premises for their condition is only coextensive with his invitation. *Ryerson* v. *Bathgate, supra; Phillips* v. *Library Company, supra.*

In connection with this it is to be observed that the evi-

dence indicates that after delivering the ladders, Nolan started to leave the premises by an old road or driveway which crosses the premises from Pamphylia avenue to South avenue. But it is also to be observed that the evidence tended to show that this old road or driveway was a well-defined road which had the appearance of frequent use, and that Nolan and many others had frequently used it before on the business of the company, and with the knowledge of the company, and that it had likewise been used by the public as a "short cut" across the premises. There was also evidence from which it might possibly have been inferred that Nolan used this road on this occasion with the knowledge of and at the request of the defendant company.

A person entering upon premises by invitation, express or implied, and using a road which for many years had been used with the acquiescence of the owner, is not precluded from recovering damages for an injury caused by a danger placed by the owner in the road, solely on the ground that the owner had provided another way that was safe and might have been used by the plaintiff. In such a case it is a question of fact whether the road taken by the plaintiff has, by its accustomed use, with the knowledge of the defendant, become a way which, by its use and appearance, indicated a way that persons so using the premises were invited to use. *Phillips* v. *Library Company, supra.*

The second and only remaining question for consideration is this: Was the plaintiff guilty of contributory negligence?

It is the contention of the defendant company that Nolan was negligent in failing to observe and to avoid the hole in the driveway. In connection with this it is to be observed that there was evidence that the hole and the ground thereabouts was partly covered with leaves, which tended to obscure the hole. Whether Nolan ought to have seen and avoided the hole under those conditions was a matter of doubtful inference for the jury's determination.

The rule which controlled the action of the trial judge on the motions to nonsuit and to direct a verdict was this: That where fair-minded men might honestly differ as to the con-

clusions to be drawn from facts, whether controverted or uncontroverted, the question at issue should go to the jury. *Pennsylvania Railroad Co.* v. *Matthews,* 7 *Vroom* 531; *Delaware, Lackawanna and Western Railroad Co.* v. *Shelton,* 26 *Id.* 342; *Newark Passenger Railway Co.* v. *Block, Id.* 605; *Traction Company* v. *Scott,* 29 *Id.* 682.

Applying the rule stated, a jury question was raised both as to the negligence of the defendant company and as to the contributory negligence of the plaintiff, and both questions were properly submitted to the jury.

The result is that the judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 16.

*For reversal*—None.