MORE-JONAS GLASS COMPANY, DEFENDANT IN ERROR, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, PLAINTIFF IN ERROR.

Submitted July 12, 1908—Decided March 1, 1909.

1. In an action to recover damages for the destruction of property by fire, a witness who was the plaintiff's manager may refresh his present and existing recollection by reference to a schedule made by him shortly after the fire, of articles which he then knew to have been destroyed.

2. A witness qualified to testify as to the market value of glass bottles may, while under examination, consult trade price lists and discount sheets, which he knows to have been promulgated by the authority of the manufacturers and universally recognized by the trade, for the purpose of refreshing his memory as to the market value of bottles therein listed, where the variety of bottles is too great to be carried in memory.

3. The admission of evidence of extraneous circumstances not material to the issue which bear remotely on the issues involved in the cause, is within the discretion of the trial judge, and its admission or rejection is no ground for reversal on error.

4. When a question is asked, the answer to which may or may not be pertinent to the trial, the overruling of such question will not constitute reversible error unless the party objecting to the exclusion of the evidence shows its pertinency.

5. A trial judge cannot direct a verdict when the testimony that the parties have been permitted to introduce leaves any fact material to the issue in substantial dispute.

6. Where fair-minded men might honestly differ as to the conclusions to be drawn from facts, whether controverted or uncontroverted, the question at issue should go to the jury.

On error to the Supreme Court.

For the plaintiff in error, Bourgeois & Sooy.

For the defendant in error, Hampton & Fithian and Walter H. Bacon.

The opinion of the court was delivered by

TRENCHARD, J. This writ of error brings under review a judgment of the Supreme Court entered upon a verdict of a jury for the plaintiff below at the Cumberland Circuit.

The action was brought to recover damages for the destruction of the plaintiff's factory building and contents by fire alleged to have been communicated from a locomotive engine of the defendant company.

The first assignment of error relied upon is based upon an exception taken to the ruling of the learned trial judge permitting the witness Foster Moore to use a memorandum, made by him shortly after the fire, to refresh his memory as to what tools and instruments were destroyed by the fire.

The witness was the manager of the plaintiff's factory and at the time of the fire was in Ohio. His testimony justifies the conclusion that, upon his return to Bridgeton shortly after the fire, he immediately made the memorandum of tools and implements which he then knew to have been in the building at the time of the fire.

It appears that two years intervened between the fire and the trial.

In permitting the witness to use the schedule thus prepared, for the purpose of stimulating his present and existing recollection, the trial judge was clearly within the general rule that a witness may, while under examination, refresh his memory by referring to any writing made by himself at the time of the transaction concerning which he is questioned, or so soon afterwards that the judge considers it likely that the transaction was at that time fresh in his memory. *Steph. Dig. Ev.,* art. 136; *Myers* v. *Weger,* 33 *Vroom* 432; *French* v. *Millville Manufacturing Co.,* 41 *Id.* 699.

The second assignment of error argued raises the question of the propriety of the ruling of the trial judge in allowing the witness Richard M. More to make use of certain trade price lists and discount sheets for the purpose of aiding his memory in testifying as to the market value of bottles destroyed by the fire.

It appeared that upwards of eighty different kinds of bottles were destroyed. That they were of varying weights, sizes, shapes and colors, and intended for various uses.

The witness testified that for twenty-five years he had been engaged in the business of selling glassware, and that he was

familiar with the market value at the time of the fire of the stock of bottles destroyed; that the market price of such bottles is determined each year by means of a trade price list and discount sheets made out by a committee of the manufacturers of glass bottles; that he could not now testify as to the market value of all the bottles destroyed without the use, as to some of them, of such price lists and discount sheets which were in effect at the time of the fire.

Under these circumstances there was no error in allowing the witness thus to refresh his memory. Whether or not the price lists and discount sheets were confidential to the trade is of no moment. . They were promulgated by the authority of the manufacturers and were universally recognized by the trade, and enabled the witness to definitely and accurately testify as to market value. *Morris* v. *Columbian Iron Works*, 76 *Md.* 354.

The next class of assignments of error urged are founded upon exceptions to the refusal of the trial judge to permit the defendant to show that the Cumberland Glass Manufacturing Company owned shares of the capital stock of the plaintiff company and the financial relations between them.

This testimony seems to have been offered on the theory that it tended to show that the plaintiff was not the owner of the bottles destroyed. We incline to think it had no such tendency. The Cumberland Glass Manufacturing Company may have owned all the shares of stock of the plaintiff except those necessary to qualify directors, and may have controlled its finances, yet the separate entity of the More-Jonas Company would have remained. While that entity is a fiction of law, it is a fiction that is only to be discarded for the purpose of doing justice. The evidence rejected was not material to the issue, and its rejection is no ground for reversal. *Schenck* v. *Griffin*, 9 *Vroom* 462.

The next assignment of error argued is based upon an exception to the action of the trial judge in overruling a question asked by the defendant of Mr. Shoemaker, president of the Cumberland Glass Manufacturing Company, to wit:

"Does the Cumberland Glass Manufacturing Company own the stock of the More-Jonas Glass Company?"

We think there was no error in overruling this question under the circumstances of the case. It was not contended that the plaintiff company was without legal *status.* On the contrary, its lawful existence and ownership and occupation of the premises destroyed was expressly admitted by the defendant. We have heretofore pointed out that, if by "stock" was meant shares of the capital stock, the action of the trial judge in overruling the evidence was not erroneous. That the trial judge and counsel for the plaintiff so regarded the question is manifest from the preceding examination, the objection of counsel and the ruling of the court. If by "stock" counsel for the defendant meant the accumulated goods of the plaintiff, it was his duty to make that meaning evident to the court. This he did not do. Had he done so, the court, no doubt, would have admitted the evidence. Having failed to show that the evidence was possessed of some legal significance, its rejection was not erroneons. *Disque* v. *State,* 20 *Vroom* 249.

The next assignment of error urged is founded upon an exception to the refusal of the trial judge to direct a verdict for the defendant.

The effort of the defendant to show that it had provided the engine alleged to have caused the fire with a spark arrester and that it had taken all practicable means to prevent the communication of fire was met by the proofs of the plaintiff which included testimony that large holes were seen by the witnesses in the screen of the spark arrester the day after the fire. The credibility of these witnesses, and the inference of fact to be drawn from their testimony with respect to the relation between those holes and the fire, were, under the circumstances, essentially jury questions which could not be withdrawn from the jury. *Piver* v. *Pennsylvania Railroad Co., post p.* 713.

The next assignment of error requiring notice is that based upon an exception to the refusal of the trial judge to direct a verdict for the defendant as to a certain class of bottles

manufactured on the order of the Cumberland Glass Manufacturing Company.

The theory of the defendant was that the last-mentioned company was the owner of the bottles. This question we think was properly submitted to the jury.

There was direct evidence that the bottles in question were owned by the plaintiff. Besides this there was other testimony from which the same inference might legitimately have been drawn.

The evidence tended to show that the Cumberland Glass Manufacturing Company was not only a manufacturer, but also a jobber of glassware, and placed orders with many different companies, and also acted as selling and financial agent for the plaintiff, and from time to time advanced to plaintiff money, and certain materials, for carrying on the blast, which were charged to the plaintiff on the books of the Cumberland company, but on no particular contract; that as the ware was manufactured, it was not set aside for the Cumberland company, but for the plaintiff, and was not charged to the Cumberland company until shipped on their order, and at the end of the year settlement was made between the two companies and a balance struck. The evidence is undisputed that the plaintiff had manufactured all the bottles destroyed, and at the time of the fire had the same in its possession on its premises.

Conceding that there was evidence tending to show that the title to these bottles was in the Cumberland Glass Manufacturing Company, it must also be conceded that the evidence also tended to show that the title was in the plaintiff.

This evidence, both controverted and uncontroverted, clearly permitted of the finding by the jury that at the time of the fire the bottles in question were owned by the plaintiff, and that question, therefore, was properly submitted to the jury. *Nolan* v. *Bridgeton and Millville Traction Co.*, 45 *Vroom* 559.

We have examined all other assignments of error and find no merit in them.

The result is that the judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-
RISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOOR-
HEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, J.J.
14.

*For reversal*—None.