JACOB STASSETT, PLAINTIFF IN ERROR, v. TAYLOR IRON AND STEEL COMPANY, DEFENDANT IN ERROR.

Submitted December 11, 1911—Decided June 20, 1912.

1. The general rule is that a master is not liable for injuries resulting to a servant by reason of latent defects of which he is ignorant and which could not be discovered in the exercise of reasonable care and diligence.

2. In the absence of evidence that an inspection would have disclosed the defect which caused the injury, the mere failure to inspect will not warrant holding the master liable.

3. Reasonable care in the matter of inspection, when inspection is required, requires a master to make such an examination and test as a reasonably prudent man would deem necessary, under the same circumstances, for the discovery of possible defects, and he is not required, unless put upon notice as to the possible existence of defects, to employ unusual or extraordinary tests.

4. Paragraph 1 of section 1 of the Employers' Liability act of 1909 (*Pamph. L., p.* 114) does not make a defendant company liable to its servant for an injury sustained by reason of a latent defect in a machine which the company by its servant was unloading from a railroad freight car for another company that was under contract to install the machine in the defendant company's plant, which machine, at the time of the accident, was neither connected with nor used in the business of the defendant company.

On writ of error to the Hunterdon County Circuit Court.

For the plaintiff in error, *William C. Gebhardt.*

For the defendant in error, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

TRENCHARD, J. This writ of error brings up for review a judgment in favor of the defendant upon a verdict directed by the judge in a suit to recover for personal injuries brought in the Hunterdon circuit.

The plaintiff below, Jacob Stassett, was in the employment of the defendant, an iron manufacturing company, and was

hurt by the falling of a machine which he was engaged in removing from a railroad car to the ground. He was an experienced "crane man," being what is called the "hooker on" of the crew. The machine, which he was helping to move by the use of the crane, was a motor, with a ring-bolt attached for the purpose of lifting. As the motor was being thus removed from the freight car of the Central Railroad Company by the use of the crane, and while the plaintiff stood beside it for the purpose of steadying it, the ring-bolt broke, causing the plaintiff's injury.

The sole question raised by the assignments of error is the legal propriety of the direction of a verdict for the defendant.

Our examination of the record, in the light of the argument of counsel, results in the conclusion that there was no error in such action of the trial judge.

It is evident that, as claimed by the plaintiff, the cause of the accident was a latent defect in the eye-bolt.

The gravamen of the action, as set forth in the declaration, is that the defendant negligently failed to inspect the machine or to warn the plaintiff of such latent defect, which was known, or ought to have been known, to the defendant, and was unknown to the plaintiff.

Now, the general rule is that a master is not liable for injuries resulting to a servant by reason of a latent defect of which he was ignorant, and which could not be discovered in the exercise of reasonable care and diligence. 26 *Cyc.* 1145.

The allegation that the latent defect in the bolt was known to the master has no proof to support it.

Nor do we think there was any evidence that reasonable care in inspection would have disclosed the defect, and in the absence of such evidence, the mere failure to inspect would not warrant holding the master liable. *Alz* v. *Newark Lime, &c., Co.,* 30 *Vroom* 41; *Essex County Electric Co.* v. *Kelly,* 28 *Id.* 100.

Reasonable care in the matter of inspection, when inspection is required, requires the master to make such an examination and test as a reasonably prudent man would deem neces-

sary, under the same circumstances, for the discovery of possible defects, and he is not required, unless put upon notice as to possible existence of defects, to employ unusual or extraordinary tests. 26 *Cyc.* 1139.

The defendant had no manner of notice of the possible existence of the latent defect in the bolt, and plainly it was of such a character that an examination, such as an ordinarily prudent man would deem necessary, would not have disclosed it. It was quite like that which gave rise to the accident in *Atz* v. *Newark Lime, &c., Co., supra.*

Moreover, the motor, with the ring-bolt attached for use in lifting, had been manufactured by, and was fresh from the hands of, the Darby Engineering Company, and that company was shown by the proofs to have been a reputable and experienced manufacturer, who was under contract to install the motor in the defendant's plant. At the time of the accident that contract was not complete. The motor was being moved by the defendant from a railroad freight car for the Darby company, to be later installed by the Darby company.

Whether, under these circumstances, the defendant was under any obligation to inspect the bolt before putting it to the use for which it was admittedly supplied by a reputable and experienced manufacturer, is a question not now calling for decision. But clearly, to paraphrase the remarks of Mr. Justice Swayze in *Bauman* v. *Cowdin,* 46 *Vroom* 193, respecting a quite similar situation, the latent defect in the bolt, which was the cause of the accident, if attributable to negligence, was due to the negligence of the Darby Engineering Company on whose experience and reputation the defendant had a right to rely.

The contention of the plaintiff that his case is aided by paragraph 1 of section 1 of the Employers' Liability act of 1909 (*Pamph. L., p.* 114) is not well founded. That paragraph deals with cases where personal injury or death results to an employe: "1. By reason of any defect in the condition of the place, ways, works, machinery or plant *connected with or used in the business of the employer,* which

arose from, or had not been discovered or remedied, owing to the negligence of the employer or of any person in the service of the employer, and entrusted by him with the duty of seeing that the place, ways, works, machinery or plant were in proper condition."

We have pointed out that, at the time of the accident, the defendant was unloading the motor from a railroad freight car for the Darby company who was under contract to install it in the defendant's plant. It is plain that the paragraph quoted does not make the defendant responsible for a latent defect in the machine which was neither connected with nor used in the business of the employer.

The contention that the case of the plaintiff is aided by paragraph 11 of section 1 of the act of 1909 may be disposed of with the remark that there is no allegation in the declaration that the accident was caused by reason of the negligence of a superintendent, or any person acting as such.

Finding no error in the action of the trial judge in directing the verdict, the judgment of the court below will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 15.

*For reversal*—None.