## HOLLAND et al. v. DIRECTOR GENERAL OF RAILROADS.

(Circuit Court of Appeals, Third Circuit. June 17, 1921.)

No. 2638.

1. **Trial ⊂⇒141—When evidence on vital issue is undisputed or legally conclusive, court should direct verdict.**

In an action against a carrier for injury to a passenger, where evidence on the issue of defendant's negligence is such that fair-minded men might draw different conclusions therefrom, the case should be submitted to the jury; but, if evidence that it exercised the high degree of care required by law is undisputed, or of such conclusive character that the court, in the exercise of a sound judicial discretion, would set aside a verdict in opposition to it, it is the duty of the trial judge to direct a verdict.

2. **Carriers ⊂⇒301—Railroad company held not liable for injury to passenger caused by derailment.**

Affirmative and undisputed evidence that derailment of a train by which a passenger was injured was due to the breaking of a rail, caused

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by an internal transverse fissure not discoverable by inspection, that the track was inspected daily, and that the rail was made by a reputable manufacturer, *held* to exonerate the railroad company from liability for the injury.

In Error to the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Action at law by Hazel Holland, by her next friend, Thomas Holland, and Thomas Holland, against the Director General of Railroads. Judgment for defendant, and plaintiffs bring error. Affirmed.

Charles J. Stamler, of Elizabeth, N. J., for plaintiffs in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an action to recover for personal injuries to Hazel Holland received October 4, 1919, while riding on one of the trains operated by defendant between Rahway and Newark, N. J. The train, composed of a locomotive and four cars, was derailed at South Elizabeth station, and the plaintiff Hazel Holland was thrown against a window of the car in which she was riding, and received the injuries of which she complains. At the conclusion of the case, the learned trial judge directed a verdict against the plaintiffs on the ground that the evidence did not establish any negligence on the part of the defendant.

[1] If the evidence showed that the defendant was guilty of any negligence contributing proximately to the accident, or facts, whether in dispute or not, from which fair-minded men might honestly differ as to the conclusions to be drawn from them, the case should have been submitted to the jury, and the question of negligence not decided by the judge as a matter of law, provided there was no evidence showing that the plaintiff was guilty of contributory negligence. Pennsylvania Railroad Co. v. Matthews, 36 N. J. Law, 531; John Nolan v. Bridgeton & Millville Traction Co., 74 N. J. Law, 559, 65 Atl. 992; Bower v. Bower, 78 N. J. Law, 387, 74 Atl. 522; Bennett v. Busch, 75 N. J. Law, 240, 67 Atl. 188; More-Jonas Glass Co. v. West Jersey & Seashore Railroad Co., 76 N. J. Law, 708, 72 Atl. 65. If, on the other hand, the defendant had used that high degree of care for the safety of the plaintiff Hazel Holland, which it owed her under the law, and the evidence showing such care was undisputed, or if disputed or conflicting, was nevertheless of so conclusive a character that the court in the exercise of a sound judicial discretion would set aside a verdict in opposition to it, it was the duty of the trial judge to direct a verdict, for he stands primarily charged with the full responsibility for the just outcome of the trial. Randall v. Baltimore & Ohio Railroad, 109 U. S. 478–482, 3 Sup. Ct. 322, 27 L. Ed. 1003; Patton v. Texas & Pacific Railway Co., 179 U. S. 658–660, 21 Sup. Ct. 275, 45 L. Ed. 361; Woodward et al. v. Chicago, M. & St. P. Ry. Co., 145 Fed. 577, 578, 75 C. C. A. 591 (C. C. A. 8th Circuit). In an accident such as this, which raises a presumption of negligence, the case must go to the jury, unless the evidence introduced by the defendant conclusively exculpates it from

negligence. Dusenbury v. North Hudson County Railway Co., 66 N. J. Law, 44, 48 Atl. 520.

[2] The undisputed evidence shows that the derailment of the train in which the plaintiff Hazel Holland was riding was due to the breaking of a rail, caused by a lateral or "internal transverse fissure," which was concealed and could not have been detected by the naked eye, and that no other test than the actual breaking of the rail would have revealed this defect. The rail was made by the Maryland Steel Company, a reputable manufacturer of standard rails used by the Pennsylvania Railroad Company, the New York Central, and many other railroads throughout the United States. The rail had been in use about five years, which is only about one-third of the normal life of a rail, used as this one was. This particular piece of track, including this rail, was inspected daily by both the superintendent of maintenance and a trackwalker, the latter of whom had examined the track at the place of the accident about 15 minutes before it occurred. It has been held by the Court of Errors and Appeals of New Jersey, and also by this court that a defendant is not liable for injuries resulting from a latent defect of which it was ignorant, and which could not be discovered by reasonable care and diligence. Stassett v. Taylor Iron & Steel Co., 82 N. J. Law, 631, 83 Atl. 881; Pennsylvania Railroad Co. v. Buckley, 210 Fed. 268, 127 C. C. A. 86.

These cases are readily distinguished from the case of Gleeson v. Virginia Midland Railroad Co., 140 U. S. 435, 11 Sup. Ct. 859, 35 L. Ed. 458, relied upon by plaintiffs. In that case the train was derailed by a landslide, which raised a presumption of negligence, which defendant did not overcome by showing that rain caused the landslide and consequent derailment. This landslide was not unavoidable, and could not be classed as an act of God, for the road could have been so constructed as to avoid the landslide. Whether or not due care in the construction of the railroad would have taken into account possible landslides and provided against them were questions for the jury.

We think the undisputed evidence shows in the case before us that the defendant discharged its full duty to the plaintiffs and exculpated itself from the presumption of negligence raised by the accident. It was therefore the duty of the learned trial judge to direct a verdict, and the judgment is affirmed.