340 P.2d 985

Frances Hendrickson OLSEN, Appellant,

v.

Neil MACY and Beth Macy, his wife,
Appellees.

No. 6420.

Supreme Court of Arizona.

June 24, 1959.

O'Reilly & Bergman, Phoenix, for appellant.

Charles L. Hardy, Phoenix, for appellees.

PHELPS, Chief Justice.

This is an appeal from a summary judgment entered by the trial court on September 20, 1956 against appellant (plaintiff below) and in favor of appellees (defendants below). The parties will be designated as plaintiff and defendants as they appeared in the trial court.

Plaintiff's cause of action is based upon the alleged negligence of defendants in failing to maintain a sidewalk in front of their business premises in a safe condition for use by the public including plaintiff.

Defendants in their answer denied that they owed any duty to plaintiff to keep the sidewalk repaired, and alleged that said sidewalk was not a public sidewalk but was wholly constructed with their funds and owned by defendants for their use and their business invitees, and that it is exclusively upon their property.

The trial court granted defendants' motion for summary judgment based upon the pleadings, plaintiff's deposition, two photographs showing the concrete sidewalk in front of defendants' premises and the sidewalk in front of the adjoining property, and a blueprint map further showing the relative locations of the sidewalks to each other and to the buildings they fronted, and to Dunlap Street in Sunnyslope.

The specific spot where plaintiff alleges she sustained her injuries was near the eastern end of the sidewalk on defendants' premises. At that point there existed a drain or opening extending across the entire width of the sidewalk four to eight inches deep and six to eight inches in width. This opening was due to the failure of defendants to place a grate over the opening. The photographs would indicate that the opening was left in order to take care of the drainage into the streets of water accumulating between the buildings as the sidewalks appear to be several inches higher than the surface of the earth between the two buildings. Plaintiff alleges she stepped into this "hole" at about 1 o'clock a.m. in returning to their car from the Eagle Hall located west of defendants' property; that there were no lights and in the darkness she could not see the opening and had never been there before.

Plaintiff has assigned the granting of summary judgment as error upon the ground that an owner of land cannot use it in a manner to cause injury to others. It is also based upon the further proposition that where the owner of property maintains an established way across it under circumstances inducing belief that the way is public in nature, he owes a duty to exercise ordinary care in maintaining the way in a reasonably safe condition for use by the public until he in some proper manner clearly evidences an intent to withdraw it from such use. The second assignment is based upon the further ground that there was an expressed or implied invitation extended by the landowner for the public to use the established way.

The question of whether defendants owed plaintiff any duty to keep their sidewalk in front of their business premises safe for use by her depends upon whether there was an implied invitation extended by them for the public to use said sidewalks.

█ We find the law to be that if an owner or occupant of property has permitted persons generally to use or establish a way across it under such circumstances as to induce a belief that it is public in character, he owes to persons availing themselves thereof the duty due to those who come upon the premises by invitation. Nolan v. Bridgeton & Millville Traction Co., 74 N.J.Law 559, 65 A. 992; Lawson v. Shreveport Waterworks Co., 111 La. 73, 35 So. 390; A.L.I. Restatement of Torts, Section 367, p. 995; Latzoni v. City of Garfield, 22 N.J. 84, 123 A.2d 531; Mann v. Des Moines Ry. Co., 232 Iowa 1049, 7 N.W.2d 45; Chronopoulos v. Gil Wyner Co., 334 Mass. 593, 137 N.E.2d 667.

Defendants' store or shop buildings, in front of which these concrete sidewalks were constructed by them, front on Dunlap Street which is one of the principal streets in Sunnyslope. There was nothing whatever as disclosed in the record to give notice to plaintiff or anyone else similarly situated any intimation that the sidewalks were not a part of Dunlap Street or that any portion of them were on the property of the defendants and not open to use by the public.

█ Under the circumstances of this case based upon the complaint, and the exhibits above mentioned, it appears to us that the jury might conclude that reasonable men would believe such sidewalks constituted a public way; that is, that it was placed there for use by the public. Where on undisputed facts reasonable and fair-minded men may differ as to the inferences and conclusions to be drawn therefrom, the question is one of fact for the jury. Figueroa v. Majors, 85 Ariz. 345, 338 P.2d 803. In the light of the above observation there is another reason why a summary judgment could not be granted. Defendants plead contributory negligence which under the Constitution is a question of fact for the jury. Summary judgment will only be granted " * * * if the pleadings, depositions, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *" 16 A.R.S. Rules of Civil Procedure 56(c). If the complaint does not state a claim against defendants the only motion available to defendants is a motion to dismiss. 16 A.R.S. Rules of Civil Procedure 12(b). The complaint clearly states a claim against defendants.

Judgment reversed with directions to reinstate said cause for trial.

STRUCKMEYER, UDALL, JOHNSON and BERNSTEIN, JJ., concur.