531 P.2d 924

Jack Tony **WILLIAMS**, Jr., and **Jim Lee Williams**, Individually and through Joyce Williams, their next friend, Appellants,

v.

Carol D. **WILLIAMS**, Appellee.

No. I CA–CIV 2378.

Court of Appeals of Arizona,
Division 1,
Department C.

Feb. 13, 1975.

Rehearing Denied March 19, 1975.

Strong & Pugh, P. A., by William K. Strong, Phoenix, for appellants.

DePrima, Aranda & deLeon by Anthony E. DePrima, Phoenix, and Daggett & Ullman by James A. Ullman, Phoenix, for appellee.

## OPINION

NELSON, Presiding Judge.

This appeal raises the question of whether $10,000 received by a decedent's spouse under an uninsured motorist claim is subject to distribution pursuant to the Arizona wrongful death statute, A.R.S. § 12–612.

Appellants, Jack Tony Williams, Jr. and Jim Lee Williams (Williams boys), are the sons of Joyce Williams, with whom they live, and the decedent, Jack Tony Williams, Sr., by a marriage which was terminated by divorce in 1962. Appellee, Carol Williams, is the second wife, now widow, of the decedent. Decedent was fatally injured in an automobile collision on May 16, 1971, between himself and an uninsured motorist. Decedent was insured under an automobile liability policy which included coverage for bodily injuries resulting from the negligence of an uninsured motorist.

Carol Williams, who had paid the premium for herself and for decedent on the automobile liability policy in question with the Farmers Insurance Group, received $10,000 in satisfaction of a wrongful death claim under the uninsured motorist coverage.

The Williams boys filed a complaint for Declaratory Judgment through their mother and next friend, Joyce Williams, seeking a superior court determination that Carol Williams held the uninsured motorist coverage proceeds, in part, as a trustee of funds to be distributed pursuant to the Arizona wrongful death statute (A.R.S. § 12–612). Carol Williams responded by filing a motion to dismiss on the ground that the complaint failed to state a claim upon which relief could be granted. Ariz.R. Civ.P. 12(b)6, 16 A.R.S. The Williams boys filed an amended complaint seeking a money judgment.

The trial court heard the motion to dismiss as it applied to the amended complaint. The trial court ruled as a matter of law that Carol Williams was the sole person insured under the terms of the uninsured motorist coverage clause in the liability policy, that the Williams boys were not included as "persons insured thereunder" in the language of A.R.S. § 20–259.-01.A which requires uninsured motorist coverage in liability policies written in Arizona, and that the Williams boys were therefore not entitled to participate in the distribution of the proceeds in question. This appeal followed. We reverse the trial court's order granting Carol Williams' motion to dismiss.

The primary contention of the Williams boys on appeal is that the law of recovery of damages from wrongful death, A.R.S. § 12–611 et seq., must be construed in conjunction with A.R.S. § 20–259.01.A which since January 1, 1966, has required uninsured motorist coverage in auto liability policies written in Arizona. A.R.S. § 20–259.01.A provides:

A. On and after January 1, 1966, no automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle, shall be delivered or issued for delivery in this state, with respect to any motor vehicle registered or principally garaged in this state, unless coverage is provided therein or supplemental thereto, in limits for bodily injury or death set forth in § 28–1142, under provisions filed with and approved by the insurance director, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. For the purposes of the coverage provided for pursuant to this section, "uninsured motor vehicles", subject to the terms and conditions of such coverage, includes any insured motor vehicle where the liability insurer thereof is unable to make payment on the liability of its insured, within the limits of the coverage, because of insolvency.

In compliance with this statutory requirement, the automobile liability policy covering decedent allegedly contained the following provision relating to payment:[1]

Payment of loss arising out of bodily injury, sickness or disease is payable to the insured, or if the insured be a minor, to his parents or guardian; and loss arising out of death is payable to the surviving spouse, if any, of the insured, if a resident of the same household at the time of the accident, otherwise to insured's estate.

The Williams boys acknowledge that the policy designates Carol Williams as the appropriate party to receive the $10,000 under the uninsured motorist coverage provi-

---

1. Paragraph II of the Williams boys' amended complaint contains the cited provision. However, that provision of the policy itself is not part of the record before the court.

sion. However, they assert that her right to retain the proceeds as the sole beneficiary is qualified by a statutory construction of A.R.S. § 20–259.01.A as it relates to the recovery permitted under A.R.S. § 12–612.

Carol Williams responds that this Court need go no further than to read the uninsured motorist coverage provision consonantly with that portion of A.R.S. § 20–259.01.A which requires uninsured motorist coverage

> . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of . . . death, resulting therefrom. . . .

Anything in excess of this basic analysis, Carol Williams submits, would violate the rule in Arizona that insurance is a contract which may not be changed by the courts but must be enforced as made by the parties. See De Almada v. Sovereign Camp, W. O. W., 49 Ariz. 433, 67 P.2d 474 (1937); Lawrence v. Beneficial Fire and Cas. Ins. Co., 8 Ariz.App. 155, 444 P.2d 446 (1968). Moreover, she argues that it is a fundamental rule of construction that a contract of insurance should not be given a strained or unnatural interpretation. See Perkins v. Fireman's Fund Indemnity Co., 44 Cal.App.2d 427, 112 P.2d 670 (1941); Baine v. Continental Assurance Co., 21 Cal.2d 1, 129 P.2d 396 (1942).

We accept the position of the Williams boys that recovery under the wrongful death act, A.R.S. § 12–612, and recovery under the uninsured motorist coverage as mandated by A.R.S. § 20–259.01.A, can be harmonized by the principle of statutory construction *in pari materia*.

In State ex rel. Larson v. Farley, 106 Ariz. 119, 471 P.2d 731 (1970), our Supreme Court sets forth and approves of this canon of construction in the following terms:

> The general rule is that the court may look to prior and contemporaneous statutes in construing the meaning of a statute which is uncertain and on its face susceptible to more than one interpretation. If reasonably practical, a statute should be explained in conjunction with other statutes to the end that they may be harmonious and consistent. If the statutes relate to the same subject or have the same general purpose—that is, statutes which are in pari materia—they should be read in connection with, or should be construed together with other related statutes, as though they constituted one law. As they must be construed as one system governed by one spirit and policy, the legislative intent therefor must be ascertained not alone from the literal meaning of the wording of the statutes but also from the view of the whole system of related statutes. This rule of construction applies even where the statutes were enacted at different times, and contain no reference one to the other, and it is immaterial that they are found in different chapters of the revised statutes. In construing the statute, endeavors should be made to trace the history and legislation on the subject in order to ascertain the consistent purpose of the legislation. 106 Ariz. at 122, 471 P.2d at 734.

Applying this canon of construction to the statutes in question, we find the phrase "persons insured thereunder" in A.R.S. § 20–259.01.A is modified in that same section by the phrase "who are legally entitled to recover damages . . . because of . . . death, resulting therefrom." Since there is no common law right of recovery of damages for death without the wrongful death act, In re Lister's Estate, 22 Ariz. 185, 195 P. 1113 (1921), we must conclude that the legislature had the wrongful death act in mind when it mentioned "persons insured thereunder who are legally entitled to recover damages . . . because of . . . death, resulting therefrom." A.R.S. § 20–259.01.A.

■ The Williams boys certainly could have been legally entitled to a share of the damages had there been a wrongful death action rather than a satisfaction under the

decedent's uninsured motorist coverage. A.R.S. § 12–612.A provides:

§ 12–612. Parties plaintiff; recovery; distribution

A. An action for wrongful death shall be brought by and in the name of the surviving husband or wife or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate.

And A.R.S. § 12–612.C provides:

C. The amount recovered in an action for wrongful death shall be distributed to the parties provided for in subsection A in proportion to their damages, and if recovery is on behalf of the decedent's estate the amount shall be an asset of the estate.

When the surviving spouse receives a recovery on a wrongful death claim, he or she holds the funds as a statutory trustee for the benefit of the persons entitled to share therein. In re Estate of Milliman, 101 Ariz. 54, 415 P.2d 877 (1966).

Both A.R.S. § 12–612.A and A.R.S. § 20–259.01.A relate to the recovery of damages for wrongful death. In Porter v. Empire Fire and Marine Insurance Co., 106 Ariz. 274, 475 P.2d 258, modified 106 Ariz. 345, 476 P.2d 155 (1970), the Supreme Court, in vacating a decision of Division 2 of the Court of Appeals, said:

We agree with the principle that the person who avails himself of the protection afforded by uninsured motorist coverage should be permitted to recover as if the tort-feasor had the minimum amount of liability insurance; . . . 106 Ariz. at 279, 475 P.2d at 263.

In Transportation Insurance Company v. Wade, 106 Ariz. 269, 475 P.2d 253 (1970), a companion case to Porter, supra, the Supreme Court said:

"* ‚* * The uninsured motorist statute established in this state a public policy that every insured is entitled to recover damages he or she would have been able to recover if the offending

motorist had maintained a policy of liability insurance in a solvent company. * * *" 106 Ariz. at 273, 475 P.2d at 261.

Accord, Dairyland Insurance Company v. Lopez, 22 Ariz.App. 309, 526 P.2d 1264 (1974). See also Balestrieri v. Hartford Accident & Indemnity Ins. Co., 22 Ariz. App. 255, 526 P.2d 779 (1974).

We hold that A.R.S. § 12–612 and A.R.S. § 20–259.01.A are to be construed *in pari materia*.

A.R.S. § 20–259.01.A is a remedial statute and therefore liberal construction of that section is permissible to carry out the intent of the legislature. See: Reserve Insurance Co. v. Staats, 9 Ariz.App. 410, 453 P.2d 239 (1969).

The Williams boys cite cases from Missouri and Florida which they believe to be supportive of their argument. See: Sterns v. M. F. A. Mutual Insurance Company, 401 S.W.2d 510 (Mo.App.1966); Zeagler v. Commercial Union Insurance Company, 166 So.2d 616 (Fla.App.1964), cert. denied 172 So.2d 450 (Fla.1965); Davis v. United States Fidelity & Guaranty Company, 172 So.2d 485 (Fla.App.1965); Netherlands Insurance Company v. Moore, 190 So.2d 191 (Fla.App.1966). The facts in these cases are significantly different from those before us. Nevertheless, these cases do indicate that other jurisdictions have, in an effort to effectuate public policy, adopted a liberal construction of the interrelationship of wrongful death statutes and uninsured motorist coverage statutes.

In view of the foregoing we must address ourselves to the propriety of the dismissal of the Williams boys' amended complaint on the basis that it failed to state a claim. Ariz.R.Civ.P. 12(b)6, 16 A. R.S. If a complaint does not state a claim against a defendant the only motion available to the defendant is a motion to dismiss. Olsen v. Macy, 86 Ariz. 72, 340 P.2d 985 (1959). However, a court should not grant a motion to dismiss unless it appears certain that a plaintiff would be entitled to no relief under any state of the facts

which is susceptible of proof under the claim stated. San Manuel Copper Corp. v. Redmond, 8 Ariz.App. 214, 445 P.2d 162 (1968); Mackey v. Spangler, 81 Ariz. 113, 301 P.2d 1026 (1956). The trial court ruled that as a matter of law Carol Williams was the sole beneficiary under the uninsured motorist provision and therefore the Williams boys had failed to state a claim upon which relief could be granted. We cannot agree.

On appeal from a judgment of dismissal of a complaint, the Court of Appeals must consider facts pleaded in the complaint as true. Sierra Madre Dev., Inc. v. Via Entrada Town. Ass'n, 20 Ariz. App. 550, 514 P.2d 503 (1973); Lakin Cattle Company v. Engelthaler, 101 Ariz. 282, 419 P.2d 66 (1966). Applying that standard to the case at bar, we believe that the Williams boys' amended complaint stated a claim for relief based upon the interrelationship of A.R.S. § 12–612 and A.R.S. § 20–259.01.A.

The decision of the trial court dismissing the Williams boys' amended complaint is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

WREN and FROEB, JJ., concur.