Samuel Edwin ASHCRAFT and Anna-
belle Ashcraft, Plaintiffs-Appellants,

v.

Travis D. ASHCRAFT, a minor, by his
Next Friend, Renee ASHCRAFT,
Intervenor-Plaintiff-Respondent.

No. 48545.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 13, 1985.

Motion for Rehearing and/or Transfer
to Supreme Court Denied April 9, 1985.

Application to Transfer Denied
May 29, 1985.

Ray A. Gerritzen, St. Louis, for plaintiffs-appellants.

Lindal Dwayne Hackworth, Piedmont, for intervenor-plaintiff-respondent.

KAROHL, Judge.

Plaintiffs, parents of decedent, appeal trial court order distributing funds that Allstate Insurance Company offered into court as payment on their uninsured motorist policy. The policy insured two vehicles. Plaintiffs' original petition was in two counts, the first for the wrongful death of their adult son against an uninsured motorist and the second, a claim against Allstate Insurance Company based on their uninsured motorist policy.

Plaintiff-intervenor, son of the decedent and grandson of plaintiffs, intervened on both counts. Intervenor filed a motion for separate trials on the two counts which was granted. Allstate made an offer of judgment for $20,000 based on its insurance policy. After an evidentiary hearing on the apportionment of damages the trial court ruled that Allstate was liable for $20,000 and that $3,000 plus interest should be given to plaintiffs and $17,000 plus interest to the intervenor.

On appeal plaintiffs maintain that the intervenor, minor son of the decedent, should not have recovered any of the proceeds based on the insurance policy because he was not a party to the contract. Plaintiffs also contend that since the uninsured motorist filed a bankruptcy action all other legal actions concerning him must be stayed by reason of Federal Bankruptcy Law. Finally plaintiffs argue that the trial court could not apportion the damages because § 537.095 RSMo Supp.1984 requires that the total damages arising out of the fatal collision be determined prior to distribution.

■ The trial court order will be upheld unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ The cause of action was separated into two trials, Count I, the wrongful death action against the uninsured motorist remains untried; the insurance claim was tried to the court and is the subject of this appeal. The first is an action in tort only against the uninsured motorist and the second an action in contract only concerning Allstate. *Hill v. Seaboard Fire and Marine Ins. Co.*, 374 S.W.2d 606, 611 (Mo.App. 1963). The action on the insurance contract is not a suit against the now bankrupt uninsured motorist. Rule 401 of the Bankruptcy Code, 11 U.S.C. 362(a) notes that the filing of a petition of bankruptcy stays the continuation of any noncriminal action against the bankrupt. The insurance policy was a contract between plaintiffs and Allstate. The resolution of that action in no way effects any claims that plaintiff or intervenor may have against the uninsured motorist.[1]

---

1. The resolution of this cause of action does not affect the extent of damages on the wrongful death claim. *Oates v. Safeco Ins. Co. of Amer-*

*ica*, 583 S.W.2d 713, 721 (Mo. banc 1979). The award of damages in that cause of action will be reduced to the extent of any recovery awarded

■ To prevail on an action based on an uninsured motorist coverage a party must show (1) that the motorist was uninsured; (2) that that motorist is legally liable to the insured; and, (3) the amount of damages. *Oates v. Safeco Ins. Co. of America,* 583 S.W.2d 713, 715 (Mo. banc 1979). It is not necessary to show an unsatisfied judgment against the uninsured motorist. *Noland v. Farmers Insurance Exchange,* 413 S.W.2d 530, 533 (Mo.App.1967).

■ Plaintiffs' uninsured motorist policy provides that "Allstate will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury ... including death resulting therefrom ...." Insured is defined as "the named insured as stated in the policy, the spouse of any such named insured and relatives of either, while residents of the same household." The Allstate policy named Samuel E. Ashcraft as the insured. The decedent, his adult son, resided with him in the family home. Consequently both Samuel and the decedent were insureds under the policy.

■ The policy provides recovery to the insured or his legal representative for damages caused by the death. When an insured has died his legal representatives may recover. In this case both plaintiff Samuel Ashcraft and intervenor Travis Ashcraft are legal representatives of the insured.[2] *See Cobb v. State Security Ins. Co.,* 576 S.W.2d 726, (Mo. banc 1979); § 537.080 RSMo Supp.1984.

■ In addition the policy provides that any amount Allstate owes under the policy is payable to "... (c) if the insured be deceased to his surviving spouse, otherwise (d) to a person authorized by law to receive such payment or to a person legally entitled to recover the damages which the pay-

ment represents...." In this case the damages represent payment for the wrongful death of decedent. *Sterns v. M.F.A. Mutual Ins. Co.,* 401 S.W.2d 510, 517 (Mo. App.1966). *See also Williams v. Williams,* 23 Ariz.App. 191, 531 P.2d 924, 926 (1975). Section 537.080 RSMo Supp.1984 provides that "whenever the death of a person results from any act, conduct ... or circumstance which, if death had not ensued, would have entitled such person to recover damages ... damages may be sued for (1) by the spouse or children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;" As decedent was single both plaintiffs, decedent's parents and intervenor, decedent's son are entitled to payment under the policy. *Sterns,* 401 S.W.2d at 517. *See also Satzinger v. Satzinger,* 156 N.J.Super. 215, 383 A.2d 753 (1978). The fact that the intervenor is not a party to the contract does not preclude his recovery because the policy bases recovery on the wrongful death statute. *Sterns,* 401 S.W.2d at 517. *See also Satzinger,* 383 A.2d at 756–757.

The trial court distributed the money from the policy "in proportion to the losses suffered by" plaintiffs and intervenor. Plaintiffs received reimbursement for the funeral expenses and intervenor's loss was measured by the child support payments he would have received had decedent survived. This is in accordance with the terms of the insurance policy and § 537.095 which permits the court to apportion damages based on a wrongful death in accordance to the losses suffered by the claimants.

■ Appellants maintain that the trial court could not apportion the damages because the wrongful death act requires that total damages arising out of the collision must be determined prior to disbursement. Here the money was distributed in settle-

---

in this cause of action. This action does not determine total damages for the wrongful death claim-only for the contract claim. *Oates* at 719–21.

2. Legal representative includes more than the executor or administrator of the estate. It also includes "the parties benefitted by the rights conferred under the wrongful death act." *Sterns v. M.F.A. Mutual Ins. Co.,* 401 S.W.2d 510, 519 (Mo.App.1966).

ment of an insurance policy. The trial court found that under the policy Allstate was only liable for $20,000. Although the coverage under the policy referred to the fatal accident, and determination of who was entitled to relief was based on the wrongful death accident, the statutory requirement for determination of total damages does not apply to the contract action. The total damages for the contract action was established at $20,000. There may be other damages established in the tort claim. The wrongful death act requires that all those damages be determined prior to disbursement. The statute does not address damages to be recovered from a source other than the tort-feasor.

We deny respondent's motion for assessment of damages for frivolous appeal and affirm the trial court's order.

PUDLOWSKI, P.J., and GAERTNER, J., concur.