233 P.3d 636

**Scott BAKER, an individual dba Pro–Tech AC, Plaintiff/Appellant,**

v.

**DOLPHIN BEACH RENTAL & MAN-AGEMENT, LLC, an Arizona limited liability company; Jerry Little, an individual, Defendants/Appellees.**

**No. 1 CA–CV 08–0743.**

Court of Appeals of Arizona, Division 1, Department D.

June 15, 2010.

Harper Law PLC By Kevin R. Harper, Phoenix, Attorneys for Plaintiff–Appellant.

Hoopes & Adams, PLC By John R. Hoopes, Patricia A. Alexander, Chandler, Attorneys for Defendants/Appellees.

**OPINION**

GEMMILL, Judge.

¶ 1 Appellant Scott Baker alleges that he entered into a contract with Appellees Dolphin Beach Rental & Management, an Arizona corporation, and Jerry Little, its agent and an Arizona resident (collectively "Dolphin") to perform repair and maintenance work on buildings in Mexico. Baker sued Dolphin in superior court in Arizona, alleging breach of contract. Dolphin moved to dismiss on the basis that Baker did not have an Arizona contractor's license and was precluded by Arizona Revised Statutes ("A.R.S.") section 32–1153 (2008) from bringing an action in state court for breach of contract. The trial court granted the motion to dismiss. Because we conclude that A.R.S. § 32–1153 does not apply to contracting work in Mexico, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY[1]

¶ 2 Dolphin is authorized to conduct business in Arizona and Sonora, Mexico. Dolphin's business includes renting and managing beachfront condominiums in Puerto Peñasco for various owners. Arizona resident Baker, doing business as Pro–Tech AC, approached Dolphin in 2007 about performing monthly preventative maintenance on air-conditioning units at Dolphin's rental properties in Mexico. All relevant discussions between Baker and Dolphin occurred in Arizona, where Baker was not a licensed contractor.

¶ 3 In August 2007, Baker and Dolphin entered into a written contract for the repair, service, and maintenance of air-conditioning units located on Dolphin's properties in Mexico.[2] From August 2007 through January 2008, Baker worked in accord with his perception of his contractual obligations. He continued to be unlicensed under Arizona law. Dolphin paid Baker periodically for his services but, in January 2008, Dolphin notified Baker that it no longer required his services.

¶ 4 In 2008, Baker filed a complaint in superior court in Arizona alleging Dolphin (1) breached the service contract; (2) breached the covenant of good faith and fair dealing; (3) was unjustly enriched; (4) intentionally or fraudulently induced services; and (5) made intentional or negligent misrepresentations to Baker, who relied upon them to his detriment. Dolphin filed an Arizona Rule of Civil Procedure 12(b)(6) motion to dismiss all counts, which Baker opposed. The trial court granted the motion based on Plaintiff's failure to satisfy A.R.S. § 32–1153.

¶ 5 Baker filed a motion for reconsideration that was denied. He now appeals. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. section 12–120.21(A)(1) (2003).

## ANALYSIS

¶ 6 Baker argues that lack of an Arizona contractor's license does not preclude him from maintaining the instant lawsuit because the maintenance and repair work at issue was conducted in Mexico.[3] We must determine whether, on this record, A.R.S. § 32–1153 applies to prevent Baker from suing Dolphin. We apply a de novo standard when reviewing issues of statutory interpretation and application. *See Special Fund Div. v. Indus. Comm'n*, 224 Ariz. 29, 31, ¶ 7, 226 P.3d 398, 400 (App.2010); *New Sun Bus. Park, LLC v. Yuma County*, 221 Ariz. 43, 45, ¶ 4, 209 P.3d 179, 181 (App.2009).

¶ 7 The statute relied upon by Dolphin and by the trial court in granting Dolphin's motion to dismiss is A.R.S. § 32–1153:

> No *contractor as defined in § 32–1101* shall act as agent or commence or maintain any action in any court of the state for collection of compensation for the performance of *any act for which a license is required by this chapter* without alleging and proving that the contracting party whose contract gives rise to the claim was a duly licensed contractor when the contract sued upon was entered into and when the alleged cause of action arose.

(Emphasis added.)

¶ 8 If the statutes regulating contracting and requiring licensure are applicable to Baker, then he was acting as a "contractor as defined in § 32–1101" when he provided air conditioning repair and maintenance services on the buildings managed by Dolphin. The applicable definition of a "contractor" in-

---

1. In reviewing motions to dismiss pursuant to Arizona Rule of Civil Procedure 12(b)(6), we accept well-pled factual allegations in the complaint as true and resolve any conflicting inferences in favor of the non-moving party. *Southwestern Paint & Varnish Co. v. Arizona Dept. of Envtl. Quality*, 191 Ariz. 40, 41, 951 P.2d 1232, 1233 (App.1997), *aff'd in part*, 194 Ariz. 22, 976 P.2d 872 (1999).

2. Baker's complaint alleges a valid contract was formed but Dolphin's motion to dismiss alleges no contract was agreed upon or executed. The record on appeal does not contain a signed contract, but we assume all well-plead facts alleged in Baker's complaint are true when reviewing the granting of the motion to dismiss.

3. Baker also argues he should have been granted leave to amend his complaint to cure any pleading defect. In light of our resolution of this appeal, we do not reach this additional argument.

cludes any person who for compensation undertakes to "[c]onstruct, alter, repair, add to, subtract from, [or] improve ... any building," A.R.S. § 32–1101(A)(3)(a) (2008), or "[p]rovide mechanical or structural service for any such structure or improvements." A.R.S. § 32–1101(A)(3)(c).

¶ 9 Baker's work, however, was performed in Mexico, not Arizona. As Baker points out, A.R.S. § 32–1153 applies to prevent unlicensed contractors from suing in state court in Arizona to recover "compensation for the performance of *any act for which a license is required by this chapter.*" (Emphasis added.)

¶ 10 Baker is not suing Dolphin to recover damages for any construction work performed or to be performed in Arizona. All the work performed by Baker for Dolphin occurred in Mexico and the alleged breach of contract pertains to work contemplated in Mexico. On this record and based on the language of A.R.S. § 32–1153, we conclude that this statute does not apply to prevent Baker from suing Dolphin in our state courts. Baker did not need an Arizona contractor's license to perform contracting work in Mexico. We reach this conclusion even though Dolphin is an Arizona corporation, Baker is an Arizona resident, and the negotiations for the alleged contract occurred in Arizona.

¶ 11 The police power of a state to regulate occupations and require licenses is generally limited to activities carried on within the state. *See Conderback, Inc. v. Standard Oil Co. of California,* 239 Cal.App.2d 664, 676–77, 48 Cal.Rptr. 901, 910 (Cal.Ct. App.1966) (explaining, in regard to California's contractor licensing statutes, that "the exercise of this regulatory power is necessarily limited to activities carried on within the territorial limits of such state"). *See also* 53 C.J.S. *Licenses* § 9 (2009) ("The power of the state to require a license or impose a license

tax on occupations or privileges is necessarily limited to subjects within its jurisdiction.").

¶ 12 In *Conderback,* the California Court of Appeal resolved virtually the same issue we address herein, under analogous facts and very similar statutes. Conderback, Inc. and Standard Oil Company were both California corporations. *Conderback,* 239 Cal.App.2d at 668, 48 Cal.Rptr. at 904. They negotiated a contract in California for the construction by Conderback of a structure for Standard Oil at the World's Fair held in 1962 in Seattle, Washington. *Id.* at 669, 48 Cal.Rptr. at 905. Conderback was not a licensed contractor in California. *Id.* at 675, 48 Cal.Rptr. at 909. When Conderback sued Standard Oil in California state court for damages for breach of contract arising out of the work in Washington, Standard Oil asserted that the California statute [4] analogous to A.R.S. § 32–1153 prevented the suit. *Id.* at 676, 48 Cal.Rptr. at 910. Standard Oil argued "Conderback could not bring or maintain [any] action since it was acting in the capacity of a contractor in California without being duly licensed." *Id.* at 675, 48 Cal.Rptr. at 909.

¶ 13 The *Conderback* court held that when "a person offers, undertakes or contracts in [California] to construct or demolish a building, project or other improvement located outside of California, such person does not thereby become one engaged in the business or acting in the capacity of a contractor within [California] so as to be subject to the Contractors' License Law." *Id.* at 679, 48 Cal.Rptr. at 912. *See also Mechanical Wholesale Corp. v. Fuji Bank, Ltd.,* 42 Cal. App.4th 1647, 1653 n. 6, 50 Cal.Rptr.2d 466, 469 n. 6 (Cal.Ct.App.1996) (reiterating the *Conderback* holding). "Nor does the mere fact that, as here, such person's principal place of business is in California necessarily compel a different conclusion." *Conderback,* 239 Cal.App.2d at 679, 48 Cal.Rptr. at 912. The court further explained:

4. The California statute provided that "[n]o person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this State for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at

all times during the performance of such act or contract." *Conderback,* 239 Cal.App.2d at 677, 48 Cal.Rptr. at 910 (quoting Cal. Bus. & Prof. Code § 7031). Since the *Conderback* decision in 1966, section 7031 has been amended. See Cal. Bus. & Prof.Code § 7031 (2004). The amendments, however, are immaterial to the issue presented in *Conderback.*

"[I]t was not the purpose of the Legislature in enacting the Contractors' License Law to bring within its ambit a person who, not otherwise engaged in the contracting business in California, merely enters into negotiations or contracts [in California] for a construction work or project in another state [or] foreign country."

*Id.* at 679, 48 Cal.Rptr. at 911.

¶ 14 We agree with the reasoning of *Conderback* and reach the same result here. We acknowledge "the legislature's strong interest in protecting the public from unlicensed contractors, which is evidenced by the onerous requirements for licensure." *Town of Gilbert v. Downie,* 218 Ariz. 466, 471, ¶ 23, 189 P.3d 393, 398 (2008). But A.R.S. § 32–1153 does not apply to Baker's action against Dolphin because Baker is suing for compensation arising from work in Mexico for which he is not required to be licensed in Arizona.

¶ 15 Further support for our decision is provided by *Kenyon v. Karber Constr. Co.,* 144 Ariz. 576, 698 P.2d 1295 (App.1985). Karber, a general contractor, had contracted with the Navajo Housing Authority to build several structures on the Navajo Reservation. *Id.* at 577, 698 P.2d at 1296. Kenyon entered into a subcontract with Karber for stucco work but did not have an Arizona contractor's license. *Id.* When Kenyon sued Karber in superior court to recover money allegedly due on the subcontract, the trial court granted Karber summary judgment based on A.R.S. § 32–1153. *Id.* We reversed, concluding that Kenyon did not need a contractor's license to perform work on the Navajo Reservation and § 32–1153 did not preclude Kenyon's action against Karber. *Id.* at 577–78, 698 P.2d at 1296–97. Although the reasoning of *Kenyon* is based in part on the doctrine of preemption—a doctrine not applicable here—the principle emerges from that case that a contractor that does not need an Arizona license to do particular construction work may not be precluded from suing in state court for compensation and damages arising from the work. Here, Baker does not need an Arizona contractor's license for work in Mexico; accordingly, the statute does not bar him from bringing suit related to that work.

## CONCLUSION

¶ 16 For these reasons, we conclude that Baker is not precluded by A.R.S. § 32–1153 from suing Dolphin in state court. We therefore reverse the judgment entered in favor of Dolphin and remand for further proceedings.

CONCURRING: JON W. THOMPSON, and PATRICK IRVINE, Judges.