245 P.3d 883

**Jennifer BITHER, parent, on her own behalf, and on behalf of all who may have a statutory right of recovery, Plaintiff/Appellee,**

v.

**COUNTRY MUTUAL INSURANCE COMPANY, Defendant/Appellant.**

**No. 1 CA–CV 10–0115.**

Court of Appeals of Arizona, Division 1, Department C.

Nov. 30, 2010.

Rules of Criminal Procedure.

Dillingham & Reynolds, L.L.P. By John L. Dillingham, Phoenix, Attorneys for Plaintiff/Appellee.

Doherty & Venezia, P.C. By Stephen M. Venezia, Phoenix, Attorneys for Defendant/Appellant.

## OPINION

DOWNIE, Judge.

¶ 1 In this opinion, we hold that a wrongful death statutory beneficiary may not recover uninsured motorist ("UM") benefits under an insurance policy where the beneficiary is not herself an insured. Because the superior court concluded otherwise, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Jennifer Bither's fifteen-year-old daughter, Felicia Edwards, was a passenger in a vehicle driven by seventeen-year-old Laura Varker. Edwards was killed as a result of a collision between vehicles driven by Varker and Bryant Wilkerson, an uninsured motorist. Varker's parents had an insurance policy issued by Country Mutual Insurance Company that included $250,000 in UM coverage. As a resident of her parents' household, Laura Varker was also an insured under that policy.

¶ 3 Bither filed a complaint for declaratory relief against Country Mutual. She brought the action "on behalf of herself and other parties entitled to a statutory right of recovery pursuant to A.R.S. § 12–612(C)" and alleged that she and other statutory beneficiaries were "entitled to recover uninsured motorist benefits up to the maximum limits of the uninsured motorist coverage."

¶ 4 Bither moved for summary judgment, which Country Mutual opposed. The superior court granted Bither's motion. Country Mutual moved for reconsideration or clarification, which the court denied. This appeal followed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(B) (2003).

## DISCUSSION

¶ 5 We review the grant of summary judgment *de novo*. *L. Harvey Concrete, Inc. v. Agro Constr. & Supply Co.*, 189 Ariz. 178, 180, 939 P.2d 811, 813 (App.1997). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(c). Statutory inter-

pretation is a question of law that we review *de novo*. *Baker v. Dolphin Beach Rental & Mgmt., LLC*, 224 Ariz. 523, 524, ¶ 6, 233 P.3d 636, 637 (App.2010).

¶ 6 Several critical facts are uncontested. The parties agree that, as an occupant of the Varker vehicle, Edwards was an insured under the Country Mutual policy.[1] Bither does not claim to be an insured under that policy. Bither brought this action solely in her capacity as a statutory beneficiary under A.R.S. § 12–612 and not as personal representative of her daughter's estate.[2]

¶ 7 Resolution of this case turns on interpretation of A.R.S. § 20–259.03 (2002),[3] a statute that has not previously been addressed by our appellate courts. It states:

Notwithstanding any other law, in the case of the death of an insured who is covered under the uninsured and underinsured motorist coverages of a motor vehicle liability policy, recovery for wrongful death is limited to any party who is qualified to bring a wrongful death action pursuant to § 12–612 and who is also a surviving insured under the same coverages of the policy. If there are no surviving insureds who qualify to bring a wrongful death action pursuant to § 12–612, the estate of the deceased insured maintains the right of recovery against the uninsured and underinsured motorist coverages of the motor vehicle policy.

¶ 8 When interpreting statutes, our primary goal is to give effect to legislative intent. *Buencamino v. Noftsinger*, 223 Ariz. 162, 164, ¶ 7, 221 P.3d 41, 43 (App.2009). The best indication of legislative intent is the plain language of the statute. *Id.*

¶ 9 Before A.R.S. § 20–259.03 was enacted, Arizona had one statute with multiple subsections addressing UM coverage: A.R.S. § 20–259.01.[4] *See generally Farmers Ins. Co. of Ariz. v. U.S. Fid. & Guar. Co.*, 185 Ariz. 125, 127, 912 P.2d 1354, 1356 (App.1995) (A.R.S. § 20–259.01 is the Uninsured Motorist Act); *Geyer v. Reserve Ins. Co.*, 8 Ariz. App. 464, 465, 447 P.2d 556, 557 (1968); Joel DeCiancio, *Legislative Review S.B. 1445—The Legislature's Attempt to Reverse Judicial Treatment of Uninsured and Underinsured Motorist Coverage in Arizona*, 30 Ariz. St. L.J. 469, 472–73 (Summer 1998) (describing the history of UM coverage in Arizona). Section 20–259.01 has been described as a remedial statute that is to be liberally construed. *Williams v. Williams*, 23 Ariz.App. 191, 194, 531 P.2d 924, 927 (1975). The policy behind § 20–259.01 is to protect victims of financially irresponsible motorists. *State Farm Mut. Auto. Ins. Co. v. Wilson*, 162 Ariz. 251, 254, 782 P.2d 727, 730 (1989); *Calvert v. Farmers Ins. Co. of Ariz.*, 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985).

¶ 10 Section 20–259.03 was enacted in 1998. *See* 1998 Ariz. Sess. Laws, ch. 255, § 1 (2d Reg.Sess.). Its plain language reflects that recovery of UM benefits for the wrongful death of an insured "is limited to any party who is qualified to bring a wrongful death action pursuant to § 12–612 *and* who is also a surviving insured under the same coverages of the policy." (Emphasis added.) The word "and" is a "conjunction connecting words or phrases expressing the idea that the latter is to be added or taken along with the first." *Ring v. Taylor*, 141 Ariz. 56, 70, 685 P.2d 121, 135 (App.1984); *see also de la Cruz v. State*, 192 Ariz. 122, 125, 961 P.2d 1070, 1073 (App.1998) (holding that the conjunction "and" requires interpretation of the two words or phrases in combination).

¶ 11 The clear legislative mandate of A.R.S. § 20–259.03 is to preclude recovery of UM benefits by a statutory beneficiary who is not also an insured under the policy. Al-

---

1. The policy definition of "Persons Insured" includes "anyone occupying an insured vehicle."

2. Bither filed a separate wrongful death action against Varker and Wilkerson. The record includes a release of claims that states Bither settled with the Varkers and Country Mutual for $750,000, without releasing "the separate uninsured motorist claim advanced against Country Mutual." After a bench trial in the wrongful death case, Wilkerson was found thirty-five percent at fault for the accident.

3. We cite the current version of statutes when no revisions material to this decision have occurred.

4. Section 20–259.01 generally defines and describes the availability and limits of UM and underinsured motorist ("UIM") coverage.

though Bither qualifies to bring a wrongful death action under A.R.S. § 12–612, she is not a surviving insured.[5]

¶ 12 Bither's reliance on the second sentence of A.R.S. § 20–259.03 is unavailing. The language at issue merely permits a decedent's estate to recover UM benefits if no surviving insured qualifies under A.R.S. § 12–612. As previously noted, Bither is not bringing this action on behalf of her daughter's estate.[6]

¶ 13 We also disagree with Bither's suggestion that precluding her recovery is contrary to Arizona public policy. Our courts have recognized that "[t]he protection afforded by [the Uninsured Motorist Act] is not applicable in all situations and may not necessarily protect all third parties in accidents caused by uninsured drivers." *Midland Risk Mgmt. Co. v. Watford*, 179 Ariz. 168, 172, 876 P.2d 1203, 1207 (App.1994); *see also Alcala v. Mid-Century Ins. Co.*, 171 Ariz. 121, 123, 828 P.2d 1262, 1264 (App.1992) (UM "coverage is afforded to strangers to the policy only when they occupy an insured vehicle."). Indeed, cases addressing the public policy behind A.R.S. § 20–259.01 focus on protection of *insureds*. *See, e.g., Taylor v. Travelers Indem. Co. of Am.*, 198 Ariz. 310, 314, ¶ 11, 9 P.3d 1049, 1053 (2000) (the public policy is "to guarantee all insureds protection against uninsured motorists"); *Spain v. Valley Forge Ins. Co.*, 152 Ariz. 189, 191–92, 731 P.2d 84, 86–87 (1986) (UM coverage is designed to protect "insured victims" of an uninsured motorist's negligence); *State Farm Mut. Auto. Ins. v. Tarantino*, 114 Ariz. 420, 422, 561 P.2d 744, 746 (1977) (the public policy of the UM statute is to protect "insureds when they are the innocent victims of the negligence of uninsured motorists"). Section 20–259.03 is consistent with this policy. As Country Mutual acknowledges, Edwards's estate could assert a timely claim for UM benefits.

¶ 14 The legislature makes policy decisions about the scope of recoverable damages in a statutory cause of action. *In re Estate of Winn v. Plaza Healthcare, Inc.*, 225 Ariz. 275, 277, ¶ 12, 237 P.3d 628, 630 (App. 2010); *see also Bowslaugh v. Bowslaugh*, 126 Ariz. 517, 519, 617 P.2d 25, 27 (1979) (holding that a wrongful death action is "purely statutory in origin and we must adhere to the plain language of the statute, leaving any deficiencies or inequities to be corrected by the legislature."). We will not question the wisdom, necessity, or soundness of policy of legislative enactments. *Phoenix Newspapers, Inc. v. Purcell*, 187 Ariz. 74, 79, 927 P.2d 340, 345 (App.1996).[7]

---

5. *Williams*, on which Bither relies, was decided over 20 years before A.R.S. § 20–259.03 was enacted. We presume the legislature knew of *Williams* when it chose to preclude statutory beneficiaries who are not also insureds from recovering UM benefits. *See Daou v. Harris*, 139 Ariz. 353, 357, 678 P.2d 934, 938 (1984) ("[W]e presume that the legislature . . . knows the existing laws" when it enacts or modifies a statute.); *State Farm Mut. Auto. Ins. Co. v. Cobb*, 172 Ariz. 458, 461, 837 P.2d 1193, 1196 (App.1992) (the legislature was cognizant of an existing case when it amended A.R.S. § 20–259.01). Because the subsequently-enacted statute expressly forbids a non-insured from recovering UM benefits under the facts presented here, *Williams* is not controlling. *See Giannini v. State Farm Mut. Auto. Ins. Co.*, 172 Ariz. 468, 471, 837 P.2d 1203, 1206 (App.1992) (addressing A.R.S. § 20–259.01 and stating "we do not conclude . . . that a victim is allowed to recover in situations not intended by the statute or expressly forbidden by it."); *Reserve Ins. Co. v. Staats*, 9 Ariz.App. 410, 413, 453 P.2d 239, 242 (App.1969) (we cannot "find uninsured motorist coverage where it is neither provided in the policy under consideration nor demanded by statute").

6. The superior court's conclusion that Bither, as Edwards's legal representative, is pursuing damages that Edwards would have been entitled to under the policy indicates that it viewed this case as a survival action. A wrongful death action compensates statutory beneficiaries for damages such beneficiaries have suffered due to the decedent's death, but does not compensate for injuries suffered by the decedent. *Gartin v. St. Joseph's Hosp. & Med. Ctr.*, 156 Ariz. 32, 34, 749 P.2d 941, 943 (App.1988). A survival action, on the other hand, carries on "the claim that the decedent would have had for [her] injuries." *Id.* at 34, 749 P.2d at 943; *see also* A.R.S. § 14–3110 (2005) (actions that survive the death of a person "may be asserted by or against the personal representative of such person"). Bither sued in her own name on behalf of herself and other statutory beneficiaries. Bither acknowledges she is seeking wrongful death damages.

7. Bither's reliance on out-of-state decisions is unpersuasive. We recognize that some jurisdictions allow wrongful death statutory beneficiaries to recover UM benefits if the *decedent* was an insured under the policy. But none of the cited

¶ 15 Bither's focus on the remedial nature of the Uninsured Motorist Act does not compel a contrary conclusion. The duty to liberally construe a statutory scheme "requires judges 'to interpret the law to insure that what the law gives is not withheld'; it does not permit judges to act with 'free-handedness-largess' to alter, amend or expand the provision being construed." *Martin–Costa v. Kiger*, 225 Ariz. 157, 161, ¶ 11, 235 P.3d 1040, 1044 (App.2010) (quoting *Nicholson v. Indus. Comm'n*, 76 Ariz. 105, 109, 259 P.2d 547, 549 (1953)); *see also City of Tempe v. Fleming*, 168 Ariz. 454, 457, 815 P.2d 1, 4 (App.1991) (courts "will not read into a statute something which is not within the manifest intent of the legislature as indicated by the statute itself.").

¶ 16 Finally, we disagree with Bither that the policy itself permits her recovery. The policy states that UM benefits are payable "if the insured is deceased, to the insured's surviving spouse" or "to a person authorized by law to receive such payment, or to a person who is legally entitled to recover damages which the payment represents." Bither is not authorized by law to receive the payment, nor is she legally entitled to recover damages which the payment represents in light of A.R.S. § 20–259.03.

### CONCLUSION

¶ 17 We reverse summary judgment in favor of Bither and direct entry of judgment for Country Mutual on remand. *See Anderson v. Country Life Ins. Co.*, 180 Ariz. 625, 628, 886 P.2d 1381, 1384 (App.1994) ("[W]here the issues can be decided as a matter of law, we have the authority both to vacate the trial court's grant of summary judgment in favor of one party and to enter summary judgment for the other party if appropriate.").

CONCURRING: MAURICE PORTLEY, Presiding Judge and PATRICIA A. OROZCO, Judge.

cases involves a statute similar to A.R.S. § 20–259.03.