357 P.3d 840

PREMIER PHYSICIANS GROUP, PLLC, an Arizona professional LLC, dba Premier Pain Management, LLC, an Arizona limited liability company, Plaintiff/Appellant,

v.

Kimberly NAVARRO and Eddie Navarro, wife and husband, Defendants/Appellees.

No. 1 CA–CV 14–0465.

Court of Appeals of Arizona, Division 1.

Oct. 1, 2015.

Evans, Dove & Nelson, P.L.C., By H. Lee Dove, Trevor J. Fish, Mesa, Counsel for Plaintiff/Appellant.

DeCiancio Robbins, PLC, By Joel DeCiancio, Christopher Robbins, Tempe, Counsel for Defendants/Appellees.

Presiding Judge PATRICIA K. NORRIS delivered the opinion of the Court, in which Judge PATRICIA A. OROZCO and Judge KENT E. CATTANI joined.

## OPINION

NORRIS, Judge:

¶ 1 Under Arizona Revised Statutes ("A.R.S.") section 33–932 (2014), a health care provider, other than a hospital, may perfect a medical lien if it records the lien "before or within thirty days after the patient has received any services relating to the injuries." We hold this provision allows a non-hospital health care provider to perfect a lien retroactively for any services received by the provider's patient within the 30 days preceding the provider's recording of the lien and prospectively thereafter, assuming the

provider complies with all other statutory lien formalities.

## FACTS AND PROCEDURAL HISTORY [1]

¶2 From June 29, 2011 until October 9, 2011, Plaintiff/Appellant Premier Pain Management treated a third party for injuries arising out of a car accident involving Defendant/Appellee Kimberly Navarro.[2] On September 16, 2011, Premier recorded a health care lien for the cost of the services it had rendered to the third party. On March 28, 2013, Navarro's automobile insurance carrier settled the third party's injury claim and paid the settlement sum to the third party. The third party did not pay Premier for any of the medical services she had received.

¶3 Premier subsequently sued the Navarros to enforce its health care lien. The Navarros moved to dismiss Premier's complaint arguing that by waiting until September 16, 2011 to record its lien, Premier had failed to perfect the lien within 30 days after it had provided "any services" to the third party as required by A.R.S. § 33–932. The superior court agreed with the Navarros and dismissed Premier's complaint.

## DISCUSSION

¶4 Section 33–932 reads in pertinent part as follows:

A. In order to perfect a lien granted by § 33–931, the executive officer, licensed health care provider or agent of a health care provider shall record, before or within thirty days after the patient has received any services relating to the injuries, except a hospital which shall record within thirty days after the patient is discharged, in the office of the recorder in the county in which the health care provider is located a verified statement in writing setting forth all of the following:

1. The name and address of the patient as they appear on the records of the health care provider.

. . . .

4. The dates or range of dates of services received by the patient from the health care provider.

5. The amount claimed due for health care.

6. For health care providers other than hospitals or ambulance services, to the best of the claimant's knowledge, the names and addresses of all persons, firms or corporations and their insurance carriers claimed by the injured person or the injured person's representative to be liable for damages arising from the injuries for which the person received health care.

B. The verified statement shall also include the amount claimed due as of the date of recording of the claim or lien and a statement regarding whether the patient's treatment has been terminated or will be continued. Amounts incurred during the continued period are also subject to the lien.

¶5 On appeal, Premier argues the superior court should not have dismissed its complaint because it recorded its lien under A.R.S. § 33–932 within 30 days after it had provided the third party "any services." Under Premier's construction of the statute, a non-hospital health care provider could perfect a lien for all services it provided to its patient including those rendered long before it had recorded the lien if it recorded the lien within 30 days after "any service," including the last service.

¶6 The Navarros argue this construction ignores the distinction the statute draws between health care providers, such as Premier, and hospitals. As the Navarros correctly point out, A.R.S. § 33–932 authorizes a hospital to record its lien within 30 days after it has discharged its patient, while it requires a non-hospital health care provider to record its lien "before or within thirty days after the patient has received any services relating to the injuries." We agree with the Navarros

---

1. The Arizona Legislature has not amended any of the statutes cited in this opinion since 2004. Thus, we cite to the current version of all statutes.

2. Because the superior court dismissed this case for failure to state a claim, we accept as true the well-pled facts as alleged in the complaint. *Sullivan v. Pulte Home Corp.*, 232 Ariz. 344, 345, ¶2, 306 P.3d 1, 2 (2013).

that Premier's construction of the statute would eliminate this distinction and would allow a non-hospital health care provider to record a lien for all services it provided to the patient as long as it recorded the lien within 30 days after discharging the patient—a right the Legislature gave only to hospitals.[3] *See generally State v. Fikes,* 228 Ariz. 389, 391, ¶ 6, 267 P.3d 1181, 1183 (App. 2011) ("[W]e may not construe part of a statute in a way that would render any other part of the statute void, superfluous, contradictory or insignificant." (quoting *State v. Larson,* 222 Ariz. 341, ¶ 14, 214 P.3d 429, 432 (App.2009) (internal quotation marks omitted))).

¶ 7 In contrast to Premier's construction of A.R.S. § 33–392, the Navarros argue the phrase "any services" refers to when "any services" are first provided. Under their construction of the statute, we would have to insert an additional requirement into the statute, effectively changing it to require a non-hospital health care provider to record a lien within 30 days after the patient *first* receives any services relating to the injuries. Section 33–932 does not include the word "first," and it is a fundamental rule of statutory construction that a court should not impose a requirement into a statute that the Legislature has elected to omit. *See State v. Baggett,* 232 Ariz. 424, 426, ¶ 10, 306 P.3d 81, 83 (App.2013) (court will not read limitation into statute when legislature has chosen not to include limitation); *Hart v. Hart,* 220 Ariz. 183, 187, ¶ 17, 204 P.3d 441, 445 (App.2009) ("[S]tandard principles of statutory construction require that we do not judicially impose a requirement the legislature has intentionally chosen not to require.").

¶ 8 In construing statutes, our obligation is to "give effect" to legislative intent. *Ariz. Dep't of Revenue v. Action Marine, Inc.,* 218 Ariz. 141, 143, ¶ 10, 181 P.3d 188, 190 (2008). To do this, we exercise de novo review, *Ariz. Citizens Clean Elections Comm'n v. Brain,* 234 Ariz. 322, 325, ¶ 11, 322 P.3d 139, 142 (2014),[4] and, in exercising this review, we are not bound by the parties' legal arguments. *Jeter v. Mayo Clinic Ariz.,* 211 Ariz. 386, 403 n. 23, ¶ 76, 121 P.3d 1256, 1273 n. 23 (App.2005). To determine legislative intent, we examine the wording of A.R.S. § 33–932 as a whole, and we view that wording in context with due regard to the distinction the statute draws between hospitals and non-hospital health care providers. *See Action Marine,* 218 Ariz. at 143, ¶ 10, 181 P.3d at 190 (to give effect to legislative intent, court construes statute as a whole and, *inter alia,* considers its language, context, and subject matter); *State Farm Mut. Auto. Ins. Co. v. White,* 231 Ariz. 337, 342, ¶ 19, 295 P.3d 435, 440 (App.2013) ("We do not consider words in isolation when interpreting statutes." (citation omitted) (internal quotation marks omitted)); *Pinto Valley Copper Corp. v. Ariz. Dep't of Econ. Sec.,* 146 Ariz. 484, 486, 706 P.2d 1251, 1253 (App.1985) ("[S]tatutory provisions must be considered in the context of the entire statute, and consideration must be given to all of the statute's provisions....").

¶ 9 As noted above, A.R.S. § 33–932 allows a hospital to perfect a lien as long as it records the lien within 30 days after a patient's discharge. Thus, a hospital's lien applies retroactively to all services it provided to the patient related to the patient's

---

**3.** Initially, only hospitals could record health care liens. 1954 Ariz. Sess. Laws, ch. 126, §§ 1–2 (2d Reg. Sess.). In 1988, the Legislature authorized other health care providers to record liens. 1988 Ariz. Sess. Laws, ch. 298, § 3 (2d Reg. Sess.). As originally introduced, the proposed statute did not impose different recording requirements for hospitals and other health care providers. S.B. 1158, Introduced Version, 38th Leg., 2d Reg. Sess. (1988). Instead, it simply required all health care providers to record the lien before or within ten days after the patient "has received any services relating to the injuries." *Id.* Through an amendment to the proposed statute, the Legislature adopted the language of the statute which distinguishes between hospitals and other health care providers. *Compare* S.B. 1158, Introduced Version, *with* 1988 Ariz. Sess. Laws, ch. 298, § 3 (2d Reg. Sess.), *and* S.B. 1158, House Engrossed Version, 38th Leg., 2d Reg. Sess. (1988); *see State v. Barnard,* 126 Ariz. 110, 112, 612 P.2d 1073, 1075 (App. 1980) (successive drafts of same act are instructive in determining legislative intent).

**4.** We also review de novo a superior court's dismissal of a complaint under Rule 12(b)(6). *Coleman v. City of Mesa,* 230 Ariz. 352, 355, ¶ 7, 284 P.3d 863, 866 (2012).

injuries, even if it provided those services more than 30 days before it recorded the lien. In contrast, A.R.S. § 33–932 allows a non-hospital health care provider to perfect a lien only if it records the lien before or within 30 days after the patient receives any services related to the injuries. Unless the lien is recorded before the patient receives the services, the lien applies retroactively only to the services provided to the patient within the 30 days prior to its recordation. Accordingly, under the statutory scheme, a non-health care provider's lien applies retroactively to any services received by the patient within the 30 days preceding the recording of the lien and prospectively thereafter, assuming the non-hospital health care provider complies with all other statutory lien formalities. This construction maintains the distinction between hospitals and non-hospital health care providers and is consistent with the purpose of the health care provider lien statutes. As our supreme court has explained, the statutes were designed "to lessen the burden on hospitals and other medical providers imposed by non-paying accident cases." *Blankenbaker v. Jonovich*, 205 Ariz. 383, 387, ¶ 19, 71 P.3d 910, 914 (2003) (citation omitted) (internal quotation marks omitted); *see also Action Marine*, 218 Ariz. at 143, ¶ 10, 181 P.3d at 190 (court considers purpose of statute in ascertaining legislative intent).

¶ 10 Here, Premier provided health care services to the third party from June 29, 2011 until October 9, 2011, but did not record its lien until September 16, 2011. Premier's lien applied retroactively to any services it provided to the third party within the 30 days prior to September 16, 2011 (that is, on or after August 17, 2011) and prospectively to any services rendered thereafter. Assuming it complied with all other statutory lien formalities, Premier was entitled to enforce its lien against the Navarros insofar as it pertained to those services. *See* A.R.S. § 33–934(A) (2014) (lien claimant may enforce lien against "the person, firm or corporation liable for damages" to the injured person). Therefore, the superior court should not have dismissed Premier's complaint against the Navarros.

## CONCLUSION

¶ 11 We vacate the superior court's dismissal of Premier's complaint, and remand for further proceedings consistent with this opinion. As the prevailing party on appeal, we award Premier its reasonable attorneys' fees and statutory taxable costs on appeal, A.R.S. §§ 33–934(B) and 12–341 (2003), contingent upon its compliance with Arizona Rule of Civil Appellate Procedure 21.