NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JEREMY V., *Appellant*,

*v.*

JUDITH H., K.V., *Appellees*.

No. 1 CA-JV 14-0274
FILED 4-12-2016

Appeal from the Superior Court in Maricopa County
No. JS506983
The Honorable Janice K. Crawford, Judge

**VACATED**

COUNSEL

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

Ellsworth Family Law, P.C., Mesa
By Glenn D. Halterman
*Counsel for Appellee Judith H.*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Donn Kessler joined.

**J O N E S**, Judge:

¶1        Jeremy V. (Father) appeals from the juvenile court's order severing his parental rights to K.V. (Child) following a severance petition filed by Judith H. (Mother). For the following reasons, we vacate the severance order.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        Father and Mother are the biological parents of Child, born in 2005. Father and Mother divorced in January 2009, and Mother was granted sole legal decision-making authority and primary physical custody of Child. The family court awarded Father regular parenting time and ordered he pay child support. Father paid child support until he was laid off in March 2009 and could no longer make the support payments. That same month, the court accepted a stipulation to increase Father's parenting time and reduce his child support to zero. Father then went on vacation to the United Kingdom for two weeks, where he met a woman who would later become his wife.

¶3        In December 2009, Father returned to the United Kingdom on a six-month visa to be with his fiancé. During this time, Father maintained regular telephone contact with Child. Father traveled back to Arizona in June 2010 to get married. On this trip, he exercised three days of parenting time with Child. Mother refused his request for additional time, even though Father would have limited time in the United States and Child was with Mother full-time otherwise. He then returned to the United Kingdom where he lived until August 2013, with the exception of a short trip to the United States in 2012. Throughout the time Father was out of the country, he spoke with Child on the phone each week, and in April 2012, the family court amended the parenting time order to reflect the parties' agreement that Father would be allowed telephonic contact with Child three days per week.

¶4        In July 2010, the family court again ordered Father to pay child support. He made his first payment in September 2012, which quashed an arrest warrant issued for failure to comply with the court's order to pay the obligation. He did not make any other child support

---

[1]      We view the facts in the light most favorable to upholding the juvenile court's order. *Maricopa Cnty. Juv. Action No. JD-5312*, 178 Ariz. 372, 376 (App. 1994).

payments until 2014 when he began receiving social security disability benefits, a portion of which was garnished to pay his arrearages.

¶5            In the interim, Mother petitioned the juvenile court for termination of Father's parental rights, once in September 2011 and again in May 2012; both petitions were denied.  But, in December 2012, the juvenile court modified the parenting time order to require any visitation or contact between Father and Child be done in accordance with the recommendations of a therapist.  The family court dismissed Father's subsequent petition for a modification of parenting time and Mother's request for appointment of a reunification therapist and ordered Father to re-petition the court when he returned to live in the United States permanently.

¶6            In August 2013, Father returned to the United States.  He did not immediately re-petition for a modification of parenting time but continued to telephone Child approximately three times per week.  In February 2014, Mother filed a third petition to terminate Father's parental rights on the ground of abandonment.  After an evidentiary hearing in September 2014, the juvenile court concluded Father had abandoned Child and that severance was in Child's best interests.  Father timely appealed.

¶7            On review, this Court, relying in large part upon the principles set forth in *Jose M. v. Eleanor J.,* 234 Ariz. 13, 17, ¶ 21 (App. 2014), determined Mother failed to prove severance was in Child's best interests and issued a memorandum decision vacating the juvenile court's severance order.  *See Jeremy V. v. Judith H.*, 1 CA-JV 14-0274, 2015 WL 3819129, at *5, ¶¶ 18-19 (Ariz. App. June 18, 2015) (mem. decision).  Mother petitioned for review, and our supreme court vacated the decision and remanded the case back to this Court for reconsideration in light of its recent opinion, *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1 (2016), which addressed the best interests analysis as articulated in *Jose M.*  Upon reconsideration, having given full consideration to *Demetrius L.,* and having reevaluated the case on appeal, we again vacate the severance order.

## DISCUSSION

¶8            A parent's rights to a child may be terminated if the juvenile court finds by clear and convincing evidence that "the parent has

abandoned the child." Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(1);[2] Ariz. R.P. Juv. Ct. 66(C). Abandonment is defined as:

> [T]he failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that a parent has made only minimal efforts to support and communicate with the child. Failure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment.

A.R.S. § 8-531(1). Father argues the juvenile court erred in finding Mother proved abandonment by clear and convincing evidence. On review, we accept the court's factual findings unless they are clearly erroneous but review the interpretation and application of statutes *de novo. Michael M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 230, 233, ¶ 10 (App. 2007) (citing *Ariz. Dep't of Econ. Sec. v. Superior Court*, 186 Ariz. 405, 408 (App. 1996), and *Pima Cnty. Juv. Dependency Action No. 118537*, 185 Ariz. 77, 79 (App. 1994)).

¶9 When interpreting a statute, we give words "their natural, obvious, and ordinary meaning." *Ruiz v. Hull*, 191 Ariz. 441, 450, ¶ 33 (1998) (citing *Cnty. of Apache v. Sw. Lumber Mills, Inc.*, 92 Ariz. 323, 327 (1962)); *see also* A.R.S. § 1-213 ("Words and phrases shall be construed according to the common and approved use of the language."). Under A.R.S. § 8-531(1), a parent abandons his child when he fails "to provide reasonable support *and* to maintain regular contact with the child." (Emphasis added); *see also Kenneth B. v. Tina B.*, 226 Ariz. 33, 37, ¶ 18 (App. 2010) (directing the juvenile court to "consider each of the stated factors — whether a parent has provided 'reasonable support,' 'maintained regular contact with the child' and provided 'normal supervision'"). The plain language of the statute requires the absence of both "reasonable support" and "regular contact" to sustain a finding of abandonment. *See* A.R.S. § 8-531(1); *Bither v. Country Mut. Ins.*, 226 Ariz. 198, 200, ¶ 10 (App. 2010) ("The word 'and' is a 'conjunction connecting words or phrases expressing the idea that the latter is to be added or taken along with the first.'") (quoting *Ring v. Taylor*, 141 Ariz. 56, 70 (App. 1984)); *de la Cruz v. State*, 192 Ariz. 122, 125, ¶ 11 (App. 1998) (stating the use of the conjunction "and" between two words in a

---

[2] Absent material changes from the relevant date, we cite a statute's current version.

statute "requires the interpretation of the two words in combination, defeating the . . . argument that they operate in the disjunctive").

¶10          Using this analysis, we have previously held that failure to provide support is, alone, insufficient to establish abandonment. *See Calvin B. v. Brittany B.*, 232 Ariz. 292, 296, ¶ 20 (App. 2013); *Yuma Cnty. Juv. Court Action No. J-87-119*, 161 Ariz. 537, 539 (App. 1989) (citing *Maricopa Cnty. Juv. Action No. JS-3594*, 133 Ariz. 582, 586 (App. 1982)). And, our supreme court has interpreted a prior statute authorizing adoption of a child without a parent's consent where the parent "willfully deserted and neglected to provide proper care and maintenance for the child" to require proof of both the "proper care" and "maintenance" elements. *Shumway v. Farley*, 68 Ariz. 159, 165 (1949) (interpreting Ariz. Code Ann. of 1939 § 27-204). Thus, A.R.S. § 8-531(1) dictates that abandonment be based upon findings that a parent has failed to both provide reasonable support and maintain regular contact with the child. In the absence of specific findings satisfying the objective statutory requisites, the juvenile court would be left to terminate a parent's rights based solely upon subjective findings concerning the "normalcy" of the parent-child relationship.

¶11          "What constitutes reasonable support, regular contact, and normal supervision varies from case to case." *Pima Cnty. Juv. Severance Action No. S-114487*, 179 Ariz. 86, 96 (1994). Amongst its specific factual findings, the juvenile court here found Father telephoned Child approximately three times per week. Although the court minimized these efforts and it certainly appears Father could have done more to provide support and supervision to Child, telephone contact three times a week with Child must be considered "regular contact" within any meaning of the phrase. *See* Merriam-Webster Online Dictionary, http://www.merriam-webster.com (21 March 2016) (defining "regular" as "happening over and over again at the same time or in the same way"); *cf. Lake Havasu City v. Ariz. Dep't of Health Servs.*, 202 Ariz. 549, 554 (App. 2002) (concluding the appellant's daycare programs occurred on a "regular basis" within the meaning of A.R.S. § 36-881(2) where they were "offered for five weeks during the same hours on a recurring basis according to a pre-established schedule").

¶12          Not only did the juvenile court make an affirmative finding that Father contacted Child three times per week, Mother acknowledges this fact and does not assert otherwise on appeal, arguing only that Father failed to provide reasonable support to Child and failed to maintain a normal relationship with the Child. In addition, Father's contact with Child was subject to recommendations of a therapist, but the family court had

denied appointment of a therapist and directed Father not to re-petition the court until he returned to the United States permanently. Despite this confusion, Father continued to make the contact that was available to him, and called Child regularly. Accordingly, Mother failed to prove severance was warranted on the basis of abandonment, and the court erred as a matter of law in terminating Father's parental rights on that basis.[3]

## CONCLUSION

**¶13** Under the plain language of A.R.S. § 8-531(1), two elements must be found to sever on the grounds of abandonment. The juvenile court must find the parent accused of abandonment: (1) did not provide reasonable support to the child, and (2) did not maintain regular contact with the child. Mother does not argue and the court did not find Father failed to maintain regular contact with Child. Accordingly, we vacate the order terminating Father's parental rights.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[3] Because we find Mother failed to prove the statutory grounds for severance by clear and convincing evidence, we need not and do not re-address whether the juvenile court abused its discretion in concluding severance was in Child's best interests. *See Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 551-52, ¶ 21 (App. 2010) (citing *Maricopa Cnty. Juv. Action No. JS-500274*, 167 Ariz. 1, 5 (1990)).